### VAN ZANDT *v.* FURLONG.

*(Supreme Court, General Term, First Department. February 18, 1892.)*

POWERS OF ATTORNEY—CONVEYANCE BY ATTORNEY—WANT OF CONSIDERATION.

A conveyance of real estate without valuable consideration, by an attorney, under a power "to grant, bargain, sell, exchange, demise, and let for such prices or rents, and on such terms, as to the attorney shall seem meet," is a valid exercise of the power so far as a person purchasing from another claiming under such conveyance is concerned.

Appeal from special term, New York county.

Action by Luke S. Van Zandt against Martin Furlong. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Frank Schaeffler*, for appellant. *Werner Bruns*, for respondent.

O'BRIEN, J.   The action was brought by the plaintiff, as a purchaser, to recover a deposit on contract for real property, and to establish a vendee's lien for amount paid, on the ground of defect of title.   The property is 26 feet 8 inches wide, front and rear, and 100 feet in depth on each side, upon which a building has been erected 26 feet 8 inches in width.   Defendant's title is derived from one Henry Bornkamp.   Twenty-five feet of the premises was conveyed by deed executed by Henry Bornkamp, and the title to the remainder of the lot was acquired by deed executed by Charles Bornkamp, as attorney in fact for Henry Bornkamp.   The power of attorney under which Charles Bornkamp acted authorized him "to grant, bargain, sell, exchange, demise, and let for such prices or rents, and on such terms, as to the attorney should seem meet."   The question presented upon this appeal involved the construction of this power of attorney, appellant's contention being that the plain meaning of the instrument, whatever form the exercise of the power might assume, is that the attorney must, in every case, obtain an equivalent.   The consideration expressed in the deed executed by the attorney is "one dollar," and "good and valuable consideration."   Appellant sought to prove that the attorney's conveyance was a gift, and not a sale; and the excluding of evidence, and exception taken thereto, presents the question as stated for our consideration as to the true construction to be placed upon the power of attorney.

The law is well settled that where the power is limited it can be exercised only in the manner and in accordance with the terms of the limitation.   For instance, a power to sell land for cash gives no implied authority to receive merchandise in payment.   So, as held in *Scholle* v. *Scholle*, 113 N. Y. 261, 21 N. E. Rep. 84, where an executrix, under a power to sell, attempted to convey in compromise of a disputed debt, it was held not a proper exercise of the power.   The error into which we think the appellant has fallen is in assuming that the power of attorney was a limited one.   An examination of its terms will show that it was general, and as broad as language could make it.   It was not restricted in any way, and under its terms the attorney was given the same right and power to deal with the property of the principal as he himself could have done.   The excluding of evidence, therefore, which was offered to prove that nothing was paid for the conveyance, was not error, for the reason that it was entirely immaterial and irrelevant.   It was under the power competent for the attorney to make a deed, which, importing and expressing a consideration good as between the principals and the attorney, and good to the extent of conveying a title to the grantee, was not open to inquiry by a stranger, such as the plaintiff in this case was.   We agree with the law contended for by appellant, that, if the question as to the consideration was material, the evidence was not objectionable under the rule excluding parol evidence to contradict a written instrument, because the plaintiff was not a party to the deed executed by the attorney in fact.   The evidence offered, however, being immaterial, it was properly excluded.   As the case presents no other questions urged upon this appeal, we think that the judgment should be affirmed, with costs and disbursements.